UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MARK MARKHAM, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br>  v.<br><br>NATIONAL GEOGRAPHIC PARTNERS LLC.,<br><br>                    Defendant. | Civil Action No. 19-cv-00232-JTN-ESC |

**PLAINTIFF'S RESPONSE TO NATIONAL GEOGRAPHIC PARTNERS, LLC'S
<u>PRE-MOTION CONFERENCE REQUEST</u>**

Dated: May 22, 2019

                              **BURSOR & FISHER, P.A.**
                              Joseph I. Marchese
                              Philip L. Fraietta
                              888 Seventh Avenue
                              New York, NY 10019
                              Telephone: (646) 837-7150
                              Facsimile: (212) 989-9163
                              Email: jmarchese@bursor.com
                                               pfraietta@bursor.com

                              **HEDIN HALL LLP**
                              Frank S. Hedin
                              1395 Brickell Avenue, Suite 900
                              Miami, FL 33131
                              Telephone: (305) 357-2107
                              Facsimile: (305) 200-8801
                              Email: fhedin@hedinhall.com

                              *Attorneys for Plaintiff*

Plaintiff Mark Markham respectfully submits this Response to Defendant National Geographic Partners, LLC's ("National Geographic") Pre-Motion Conference Request regarding its anticipated Motion to Dismiss ("Def.'s Request") (ECF No. 8).

I. THE COURT HAS SUBJECT MATTER JURISIDICTION

National Geographic argues that Plaintiff "lacks standing because he did not suffer an injury-in-fact as there was no disclosure of his subscription information during the four-month period at issue." Def.'s Request at 2. However, this factual inquiry is premature at the motion to dismiss stage. "A district court engages in a factual inquiry regarding the complaint's allegations only when the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's claim." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 443 (6th Cir. 2012) (emphasis added). "In other words, the district court is prohibited from making factual findings with respect to a jurisdictional issue when such a finding would adversely affect the merits of the plaintiff's case." *Id.* at 443-44. Yet that is exactly what National Geographic hopes to achieve in this case by asking the Court to find facts and decide the merits of Plaintiff's claims at the pleading stage.

That is not the way litigation works. Whether Plaintiff's and the putative Class's subscription information was disclosed during the four-month period at issue is the crux of the entire case, and must be the subject of reasonable discovery going forward. That question cannot be decided at the pleading stage (without the benefit of discovery) based on National Geographic's say-so alone. *See* PPPA § 2 ("[A] person … engaged in the business of selling at retail, renting, or lending books or other written materials … shall not disclose to any person, other than the customer, a record or information concerning the purchase … of those materials by a customer that indicates the identity of the customer."); *Boelter v. Hearst Commc'ns, Inc.*, 269 F. Supp. 3d 172, 201-202, 206-07 (S.D.N.Y. 2017) (granting plaintiff's motion for summary judgment under the PPPA where plaintiff proved that her subscription information was disclosed

to third-party data companies).

National Geographic does not challenge the sufficiency of any of the Complaint's jurisdictional allegations – nor could it. The Complaint plainly alleges that, during the four-month period in question, National Geographic "rented, exchanged, and/or otherwise disclosed personal information about Plaintiff Mark Markham's [and the putative Class's] *National Geographic* magazine subscription to data aggregators, data appenders, data cooperatives, and list brokers, among others." Complaint ("Compl.") (ECF No. 1) ¶¶ 1, 44-51. These factual allegations are supported by documented evidence, attached to the Complaint, including mailing list offers made available by Specialists Marketing Services, Inc. ("SMS") on National Geographic's behalf. *See id.* ¶¶ 2-5, Exs. B-D.[1]

## II. PLAINTIFF SUFFICIENTLY ALLEGES A CLAIM UNDER THE PPPA

National Geographic also argues for dismissal on the basis that the amended PPPA applies to this case, and that "the Complaint does not adequately plead actual damages arising from the alleged disclosure of Plaintiff's information." Def.'s Request at 2-3. That is wrong. The amended PPPA does not apply to this case. It is undisputed that the amended PPPA does not apply retroactively. *See Coulter-Owens v. Time Inc.*, 695 F. App'x 117, 121 (6th Cir. 2017) ("Consequently, the amendment is not actually remedial and is not retroactive."); *Moeller v. American Media, Inc.*, 235 F. Supp. 3d 868, 875 (E.D. Mich. Jan. 27, 2017) (same). Nonetheless, National Geographic argues that the amended PPPA applies to this case because "the Complaint was filed nearly three years after the July 31, 2016 effective date." Def.'s Request at 2. But this "filing date" analysis misses the mark. As Judge Quist stated in denying a

---

[1] National Geographic's citation to M.C.R. 3.501(A)(5) is irrelevant, as that state procedural rule does not govern class actions filed in federal court. *See Boelter v. Hearst Commc'ns, Inc.*, 192 F. Supp. 3d 427, 444 (S.D.N.Y. 2016) ("MCR § 3.501(A)(5) is procedural, and does not bar Plaintiffs' class claims in this Court.")

2

motion to dismiss on identical grounds, "several Michigan and federal cases … hold that the date of accrual, rather than the date of filing, governs."  *Horton v. GameStop Corp.*, -- F. Supp. 3d --, 2018 WL 8335635, at *2 (W.D. Mich. Sept. 28, 2018) (citing cases); *see also Deacon v. Pandora Media, Inc.*, 499 Mich. 477, 483 n.7 (2016) (stating that the applicable version of the PPPA is the one "in effect at the time of the events giving rise to this case").  Here, Plaintiff is only challenging disclosures that occurred from March 26, 2016 to July 30, 2016, *i.e.*, before the July 31, 2016 effective date of the amended PPPA.  Thus, Plaintiff's claims under the PPPA will have necessarily accrued prior to the amended PPPA, and the original PPPA therefore applies.

Under the original PPPA, a Plaintiff has Article III standing where, as here, he alleges a violation of the PPPA, irrespective of actual damages.  *See Coulter-Owens*, 695 F. App'x at 120-21 ("In short, given that the PPPA contains an express private right to sue, it confers statutory standing on a person whose information was disclosed in violation of it.  Moreover, the disclosure of that information is a cognizable injury in fact for purposes of Article III standing.") (citing cases).  Further, even if Plaintiff is required to plead actual damages – and he is not – Plaintiff's Complaint adequately alleges actual damages, as Plaintiff alleges that "he would not have been willing to pay as much, if at all, for his *National Geographic* subscription had he known that National Geographic would disclose his Personal Reading Information." Compl. ¶ 12.  Numerous courts have held that this allegation is sufficient to confer Article III standing.  *See, e.g.*, *Horton*, 2018 WL 8335635, at *3 ("A consumer's allegation that he would not have bought a product or would have paid less for a product had certain information been available to the consumer constitutes an economic injury."); *Boelter*, 269 F. Supp. 3d at 186 (plaintiff had standing where she "testified … that she would not have purchased a subscription to any Hearst magazine had she known that her personal information would be disclosed").

Dated: May 22, 2019

By:  */s/ Philip L. Fraietta*
      Philip L. Fraietta

**BURSOR & FISHER, P.A.**
Joseph I. Marchese
Philip L. Fraietta
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: jmarchese@bursor.com
       pfraietta@bursor.com

**HEDIN HALL LLP**
Frank S. Hedin
1395 Brickell Avenue, Suite 900
Miami, FL 33131
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
Email: fhedin@hedinhall.com

*Attorneys for Plaintiff*