**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

MARK MARKHAM, individually and on behalf
of all others similarly situated,

       Plaintiff,

v.

NATIONAL GEOGRAPHIC PARTNERS LLC,

       Defendant.

Civil Action No.: 19-cv-00232

Hon. Janet T. Neff

| | |
|---|---|
| Philip L. Fraietta, Esq.<br>Joseph I. Marchese, Esq.<br>**BURSOR & FISHER, P.A.**<br>Counsel for Plaintiff Mark Markham<br>888 Seventh Avenue<br>New York, NY 10019<br>Tel: 646-837-7150<br>Fax: 212-989-9163<br>pfraietta@bursor.com<br>jmarchese@bursor.com<br><br>Frank S. Hedin, Esq.<br>**HEDIN HALL LLP**<br>Counsel for Plaintiff Mark Markham<br>1395 Brickell Avenue,<br>Suite 900<br>Miami, Florida 33131<br>Tel: 305-357-2107<br>Fax: 305-200-8801<br>fhedin@hedinhall.com | Theodore W. Seitz (P60320)<br>Elisa J. Lintemuth (P74498)<br>**DYKEMA GOSSETT PLLC**<br>Attorneys for National Geographic<br> Partners LLC<br>Dykema Gossett PLLC<br>300 Ottawa Ave. N.W., Suite 700<br>Grand Rapids, MI 49503<br>(616) 776-7500<br>tseitz@dykema.com<br>elintemuth@dykema.com |

## **JOINT NOTICE FOLLOWING MEET AND CONFER**

Plaintiff Mark Markham, individually and on behalf of all others similarly situated, and Defendant National Geographic submit this Joint Notice in accordance with the Court's June 3, 2019 Order (the "Order"). (ECF No. 12).

Pursuant to the Order, the parties met and conferred starting on June 12, 2019 in an effort to reach agreement on or narrow the issues addressed in the Pre-Motion Conference filings. (ECF Nos. 8 and 11). After discussing the legal and factual issues raised in the Pre-Motion Conference filings, the parties agreed to exchange information informally after which the parties will determine if a basis exists to resolve this matter before further motion practice or formal discovery.

Counsel for defendant National Geographic elaborated on the basis for a challenge to the claims alleged based on lack of subject matter jurisdiction/lack of standing/no injury-in-fact and why those defenses were not precluded by *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 443-44 (6th Cir. 2012), including that the issues presented here involve mixed questions of law and fact, which take them outside the scope of *Carrier* holding on the "factual attack" standards for motions brought pursuant to Rule 12(b)(1). In particular, the Sherman Act claims in *Carrier* required the court to make a factual determination that there was a "'sufficient injury or anticompetitive effect to establish liability.'" 673 F.3d at 444. Here, the Plaintiff's lack of standing/no injury-in-fact challenge does not require that type of involved factual determination.

Plaintiff disagrees with National Geographic's position. Plaintiff contends that under *Carrier* "the district court is prohibited from making factual findings with respect to a jurisdictional issue when such a finding would adversely affect the merits of plaintiff's case." *Carrier*, 673 F.3d at 443-44; *see also Gaylor v. Hamilton Crossing CMBS*, 582 F. App'x 576, 580 (6th Cir. 2014) ("[W]hether TRU's slopes actually exceed permissible standards – which is clearly a merits-based inquiry – has no place in our or the district court's standing analysis."). Here,

1

National Geographic's standing challenge would require the Court to determine – without any discovery – whether Plaintiff's and the putative Class's subscription information was disclosed during the four-month class period, which is the crux of the entire case.

National Geographic alternatively advised that Plaintiff's lack of standing (based on both a lack of actual damages and an actionable violation of the VRPA during the relevant period) could be resolved by an early Rule 56 summary judgment, which would be limited to Plaintiff's individual claim. See *Huff v. Telecheck Servs, Inc.*__F.3d__, 2019 U.S. App. LEXIS 13367 (6th Cir. May 3, 2019) (affirming the granting of summary judgment—before addressing class certification—due to the named plaintiff's lack of standing, because he suffered no injury-in-fact). If National Geographic proceeds under Rule 56, it will request a Case Management Order limiting discovery initially to Plaintiff's individual claim and those facts relevant to the summary judgment motion, much like the Case Management Order entered in *Horton v. GameStop Corp.*, Case. No. 18-596 (W.D. Mich.)(Quist, J.)(ECF No. 32), cited in the Order (ECF 12, Page ID. 61).

Plaintiff disagrees with this one-way summary judgment approach. Instead, Plaintiff contends that discovery should proceed on his individual claim in a manner that will permit him to also move for summary judgment on his individual claim, much like the Civil Case Management Plan And Scheduling Order entered in *Boelter v. Hearst Communications, Inc.*, Case No. 15-cv-03934 (S.D.N.Y.) (Torres, J.) (ECF No. 96). *See also Boelter v. Hearst Commc'ns, Inc.*, 269 F. Supp. 3d 172, 201-02, 206-07 (S.D.N.Y. 2017) (granting plaintiff's motion for summary judgment under PPPA where plaintiff proved that her subscription information was disclosed to third-party data companies). The *Hearst*-style Scheduling Order was also utilized in three other PPPA cases wherein Plaintiff's counsel served as Class Counsel. *See Moeller v. Advance Magazine Publishers, Inc. d/b/a Condé Nast*, Case No. 15-cv-05671 (S.D.N.Y.) (Buchwald, J.) (ECF No.

79); *Taylor v. Trusted Media Brands, Inc.*, Case No. 16-cv-01812 (S.D.N.Y.) (Karas, J.) (ECF No. 60); *Ruppel v. Consumers Union of United States, Inc.*, Case No. 16-cv-02444 (S.D.N.Y.) (Karas, J.) (ECF No. 47).

National Geographic's counsel then summarized the information uncovered to date concerning Plaintiff, which National Geographic believes establishes that Plaintiff's subscription information was not disclosed during the putative class period. National Geographic's counsel also advised that documentation accompanied by a declaration may be tendered to substantiate the absence of a violation as it relates to the named Plaintiff.

Plaintiff's counsel advised National Geographic that they have been retained by other Michigan-based subscribers whose personal information they contend may have been disclosed by National Geographic during the putative class period in violation of the pre-amendment version of Michigan's VRPA. Plaintiff's counsel has identified these individuals to National Geographic's counsel for the exclusive purpose of facilitating discussions of early resolution of this matter.

Based on the discussions described above, the parties recommend the following course of action pursuant to the Order (ECF No. 12, Page ID. 62), which is consistent with past orders of the Court in similar circumstances. *See, e.g.*, *Alberts v. Asset Acceptance,* Case No. 1:17-cv-467 (ECF No. 28, Order, Page ID. 97-98):

The parties shall have 45 days to exchange information relating to the viability of plaintiff's individual claim including documentation establishing the lack of a disclosure of his subscription information during the putative class period and information from plaintiff's counsel relative to potential substitute name plaintiffs and, after that exchange, further meet and confer to discuss a potential resolution of this matter. Not later than August 8, 2019, the parties will file a Joint Notice indicating that they:

3

(a) have reached a resolution of this case, including an estimated time for filing dismissal papers;

(b) request more time to discuss a resolution, including an estimated time for completion; or

(c) are unable to resolve this case and further discussions would not be productive at this time.

In the event the parties indicate that they were unable to resolve this case, they request that the Court then notice a Case Management Conference pursuant to Fed. R. Civ. P. 16. Finally, the parties recommend that National Geographic's time to respond to the Complaint be extended until further order of the Court.

Respectfully submitted,

*/s/ Philip L. Fraietta (w/permission)*
Philip L. Fraietta, Esq.
Joseph I. Marchese, Esq.
**BURSOR & FISHER, P.A.**
Counsel for Plaintiff Mark Markham
888 Seventh Avenue
New York, NY 10019
Tel: 646-837-7150
Fax: 212-989-9163
pfraietta@bursor.com
jmarchese@bursor.com

*/s/ Theodore W. Seitz*
Theodore W. Seitz (P60320
Elisa J. Lintemuth (P74498)
**DYKEMA GOSSETT PLLC**
Attorneys for National Geographic Partners LLC
300 Ottawa Ave. N.W., Suite 700
Grand Rapids, MI 49503
(616) 776-7500
tseitz@dykema.com
elintemuth@dykema.com

*/s/ Frank S. Hedin (w/permission)*
Frank S. Hedin, Esq.
**HEDIN HALL LLP**
Counsel for Plaintiff Mark Markham
1395 Brickell Avenue,
Suite 900
Miami, Florida 33131
Tel: 305-357-2107
Fax: 305-200-8801

Dated: June 24, 2019

072453.000025 4835-0573-3017.6