UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MARK MARKHAM, GREGG DOUD, and JEROME GILBERT, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>  v.<br><br>NATIONAL GEOGRAPHIC PARTNERS LLC,<br><br>                    Defendant. | Civil Action No. 19-cv-00232-JTN-SJB |

**PLAINTIFFS' RESPONSE TO NATIONAL GEOGRAPHIC PARTNERS, LLC'S
PRE-MOTION CONFERENCE REQUEST**

Dated:  December 17, 2019

                                    **BURSOR & FISHER, P.A.**
                                    Joseph I. Marchese
                                    Philip L. Fraietta
                                    888 Seventh Avenue
                                    New York, NY 10019
                                    Telephone:  (646) 837-7150
                                    Facsimile:  (212) 989-9163
                                    Email:  jmarchese@bursor.com
                                                        pfraietta@bursor.com

                                    **HEDIN HALL LLP**
                                    Frank S. Hedin
                                    1395 Brickell Avenue, Suite 1140
                                    Miami, FL 33131
                                    Telephone:  (305) 357-2107
                                    Facsimile:  (305) 200-8801
                                    Email:  fhedin@hedinhall.com

                                    *Attorneys for Plaintiffs*

Plaintiffs respectfully submit this Response to Defendant National Geographic Partners, LLC's ("National Geographic") Pre-Motion Conference Request regarding its anticipated Motion to Dismiss ("Def.'s Request") (ECF No. 23).  Plaintiffs would oppose the motion.

## I. THE COURT HAS SUBJECT MATTER JURISDICTION OVER PLAINTIFF MARKHAM'S CLAIMS

National Geographic argues that Plaintiff Markham "lacks standing to bring this action … because his 'Personal Reading Information' ["PRI"] was not disclosed during the four-month period at issue."  Def.'s Request at 1.  However, this factual inquiry is premature at the motion to dismiss stage.  "A district court engages in a factual inquiry regarding the complaint's allegations only when the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's claim."  *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 443 (6th Cir. 2012) (emphasis added).  "In other words, the district court is prohibited from making factual findings with respect to a jurisdictional issue when such a finding would adversely affect the merits of the plaintiff's case."  *Id.* at 443-44.  Yet that is exactly what National Geographic hopes to achieve in this case by asking the Court to find facts and decide the merits of Plaintiff Markham's claims at the pleading stage.  The Court has already "conclude[d] that it would be an inefficient use of chamber resources" to do so.  6/3/19 Order (ECF No. 12), at 1 (citing *Carrier Corp.*, 673 F.3d at 443).

## II. THE CLAIMS OF THE NEWLY ADDED PLAINTIFFS ARE TIMELY

National Geographic argues that the claims of Plaintiffs Doud and Gilbert are time-barred.  Def.'s Request at 1-2. National Geographic is wrong, however, because its argument ignores the doctrine of class action tolling.  In the Sixth Circuit, "claims arising under state law are governed by state tolling doctrine."  *Roberson v. Macnicol*, 698 F. App'x 248, 250 (6th Cir. 2017).  Under Michigan law, "[t]he statute of limitations is tolled as to all persons within the class described in the complaint on the commencement of an action asserting a class action."

1

M.C.R. 3.501(F)(1). Thus, the filing of the original putative class action complaint pursuant to the PPPA tolled the statute of limitations for all putative class members, including Plaintiffs Doud and Gilbert. *See Boelter v. Hearst Commc'ns, Inc.*, 269 F. Supp. 3d 172, 187-89 (S.D.N.Y. 2017) (applying class action tolling under Michigan law in a PPPA case).

The cases cited by National Geographic do not compel a different conclusion. First, *Barnes v. First Am. Title Ins. Co.*, 473 F. Supp. 2d 798 (N.D. Ohio 2007) involved a motion to amend, not a motion to dismiss. *Id.* at 799. And the case did not involve Michigan class action tolling. *Id.* Second, *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018) concerns the application of <u>federal</u> class action tolling, not <u>Michigan</u> class action tolling, and it has not been applied or incorporated by Michigan courts. *Id.* at 1804. Moreover, *China Agritech* held that "a plaintiff may not bring a 'follow-on class action past expiration of the statute of limitations' <u>after the denial of class certification in an earlier action</u>." *Hart v. BHH, LLC*, 2018 WL 5729294, at *2 (S.D.N.Y. Nov. 2, 2018) (emphasis added) (quoting *China Agritech*, 138 S. Ct. at 1804)). Thus, *China Agritech* is inapplicable where, as here, "there has been no prior determination on the issue of class certification." *See Betances v. Fischer*, 2019 WL 1213146, at *6 (S.D.N.Y. Feb. 21, 2019). Finally, in *Peralta v. Asset Acceptance, LLC*, 2009 WL 723910 (W.D. Mich. Mar. 10, 2009), the plaintiff originally brought an individual lawsuit regarding a debt collection action that was allegedly time-barred. *Id.* at *4. He then sought to add "new class claims alleg[ing] a widespread fraudulent debt collection scheme based on deceptive and false lost document affidavits," which were "far beyond the nature and scope of plaintiff's individual claim." *Id.* Here, by contrast, the First Amended Complaint ("FAC") is substantively identical to the original Complaint. The only difference is the addition of Plaintiffs Doud and Gilbert.

### III.   THE FAC STATES A CLAIM

Finally, National Geographic argues that "Plaintiffs … have failed to allege any facts that

2

might make [it] plausible" that "National Geographic disclosed their '[PRI]' to third parties between March 26, 2016 and July 30, 2016." Def.'s Request at 2-3. However, the FAC attaches documentary evidence demonstrating that National Geographic discloses its customers' PRI. *See* FAC ¶¶ 2-5; Exs. B-D. Moreover, substantially identical allegations have been found to state a claim sufficiently under the PPPA by numerous federal courts in Michigan and New York. *See, e.g.*, *Horton v. GameStop Corp.*, 380 F. Supp. 3d 679, 682 (W.D. Mich. 2018); *Perlin v. Time Inc.*, 237 F. Supp. 3d 623, 642 (E.D. Mich. 2017); *Moeller v. Am. Media, Inc.*, 235 F. Supp. 3d 868, 873 (E.D. Mich. 2017); *Boelter v. Advance Magazine Publishers Inc.*, 210 F. Supp. 3d 579, 590 (S.D.N.Y. 2016); *Boelter v. Hearst Commc'ns, Inc.*, 192 F. Supp. 3d 427, 437-38 (S.D.N.Y. 2016).

National Geographic also argues that the FAC does not "adequately allege that plaintiffs suffered any actual damages." *Id.* at 3. But Plaintiffs are not required to plead actual damages under the PPPA. *See Coulter-Owens v. Time Inc.*, 695 F. App'x 117, 121 (6th Cir. 2017) ("In short, given that the PPPA contains an express private right to sue, it confers statutory standing on a person whose information was disclosed in violation of it."); *Halaburda v. Bauer Pub. Co., LP*, 2013 WL 4012827, at *6 (E.D. Mich. Aug. 6, 2013) ("[T]here is no such [actual damages] requirement in the [PPPA]. In fact, the [PPPA] explicitly provides for statutory damages of $5,000 as an alternative to actual damages."). And even if actual damages were required, Plaintiffs allege that they would not have "pa[id] as much, if at all" for their subscriptions if they had known that Defendant would disclose their PRI. FAC ¶¶ 12-14.[1]

---

[1] As explained in Plaintiff's Response to National Geographic's First Pre-Motion Conference Request (ECF No. 11), the original PPPA – not the amended PPPA – applies to this case. *Id.* at 2-3 (citing *Horton*, 380 F. Supp. 3d at 683); *see also* 6/3/19 Order at 1 (declining National Geographic's Pre-Motion Conference Request on this argument); *Wheaton v. Apple Inc.*, 2019 WL 5536214, at *3-4 (N.D. Cal. Oct. 25, 2019) (finding the original PPPA applied).

3

Dated:  December 17, 2019

By: */s/ Philip L. Fraietta*
Philip L. Fraietta

**BURSOR & FISHER, P.A.**
Joseph I. Marchese
Philip L. Fraietta
888 Seventh Avenue
New York, NY 10019
Telephone:  (646) 837-7150
Facsimile:  (212) 989-9163
Email:  jmarchese@bursor.com
pfraietta@bursor.com

**HEDIN HALL LLP**
Frank S. Hedin
1395 Brickell Avenue, Suite 1140
Miami, FL 33131
Telephone:  (305) 357-2107
Facsimile:  (305) 200-8801
Email:  fhedin@hedinhall.com

*Attorneys for Plaintiffs*